UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No.  14 - 17628 |
| Sausan E. Kassar | : | (Chapter 13) |
| Debtor. | : | |
| | : | Hon. Magdeline D. Coleman |
| | : | |
| Sausan E. Kassar | : | |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| Wells Fargo Bank, N.A. | : | |
| Defendant | : | Adv. Proc. No. 14 - 00 |
| | : | |
| William C. Miller, Esquire | : | |
| Chapter 13 Standing Trustee | : | |
| | : | |

## Complaint to Determine Validity and Extent of
## Creditor's Interest in Property of the Estate

### PRELIMINARY STATEMENT

1.     AND NOW, comes Debtor-Plaintiff, Sausan E. Kassar, by and through her attorney, Ronald G. McNeil, Esquire, hereby requests a determination as to the validity and extent of Wells Fargo Bank, N.A.'s ("Wells Fargo") secured claim, and, in support thereof, aver as follows.

### JURISDICTION

2.     Jurisdiction is conferred on this Honorable Court by 28 U.S.C. § 1334 in that this proceeding arises under the Title 11 of the United States Code, arises in and is related to the above-captioned Chapter 13 case under Title 11, and concerns property of the debtor in that case.

3.     Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

### VENUE and PARTIES

4.     This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because this bankruptcy petition was filed in this judicial district and because the real property in question is located in this judicial district.

5.    This Honorable Court has jurisdiction over this adversary proceeding pursuant to
      28 U.S.C. §§ 157(a) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C.
      § 157(b)(2)(K).
6.    Plaintiff is an individual residing within Philadelphia, Pennsylvania, she is the
      debtor in this above-captioned Chapter 13 case, and he commenced this case on
      September 23, 2014 by filing the above-captioned voluntary petition for relief
      under Chapter 13 of Title 11, United States Code.
7.    Defendant is a possible secured creditor of Plaintiff-Debtor by virtue of a possible
      first and second mortgage liens on this real property.
8.    William C. Miller, Esquire, is the Chapter 13 Standing Trustee for this judicial
      district.

## FACTS AND BACKGROUND

9.    On or about May 21, 2003, Plaintiff purchased 5601 Woodcrest Avenue in
      Philadelphia, Pennsylvania.
10.   On or about September 9, 2005, Plaintiff obtained a first and second mortgage
      from Wells Fargo, f/k/a, Wachovia Bank secured by this property.
11.   As stated on her Schedule D, Plaintiff believes that the fair market value of this
      property is approximately $189,000.00.
12.   Defendant will assert a security interest in Plaintiffs' property, which secures a
      claim in the amount of $116,835.00 for the first mortgage and of $135,860.00 for
      the second mortgage, respectively, as anticipated on its Proof of Claim.
13.   Plaintiffs seek to modify the second mortgage claim of Defendant, pursuant to 11
      U.S.C. § 506(d), into a secured claim of $72,165.00 an unsecured, nonpriority
      claim of $63,695.00.

        WHEREFORE, Plaintiff-Debtor respectfully requests that this
    Honorable Court modify the second mortgage claim of Defendant,
    pursuant to 11 U.S.C. § 506(d).

                                            Respectfully submitted,


                                            /s/ Ronald McNeil
                                            Ronald G. McNeil, Esquire
                                            Attorney for Plaintiff


                    VERIFICATION
I declare under penalty of perjury that the information provided in this Adversary
Complaint is true and correct to the best of my information and belief.

                        /s/ Sausan Kassar
                        Sausan E. Kassar, Plaintiff
                        DATE: