Rev. 12/15/11

UNITED STATES BANKRUPTCY COURT
for the Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| In re | : | Case No. 14 - 17628 |
| Sausan E. Kassar | : | (Chapter 13) |
| Debtor. | : |  |
|  | : | Hon. Magdeline D. Coleman |
|  | : |  |

## Debtor's Third Modified Chapter 13 Plan

## YOUR RIGHTS WILL BE AFFECTED

If you oppose any provision of this Plan you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

PLAN PROVISIONS DISCHARGE: (Check one)
[x]   Debtor, who commenced this instant case on September 23, 2014, will seek a discharge of debts pursuant to Section 1328(a).
[ ]   Debtor is not eligible for a discharge of debts, because Debtor has previously received a discharge described in 1328(f).

NOTICE OF SPECIAL PROVISIONS: (Check if applicable)
[x]   This Plan contains special provisions that are not included in the standard plan published by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out exclusively in the OTHER PLAN PROVISIONS section of this Plan.

1. PLAN FUNDING AND LENGTH OF PLAN
    A. The Plan payments by Debtor shall consist of the total amount previously paid $5,499.00 added to the new monthly payment in the amount of $369.06 for the remaining forty-seven (47) months of the Plan for a total base amount, as amended, of $22,845.00.
    B. The payment amount shall change effective October 23, 2015.
    C. Debtor is responsible for funding the Plan.

2. SECURED CLAIMS

    A. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the Plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| PGW | 5601 Woodcrest | $131.65 | $7,898.88 | 0.00% |

    B. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the Plan according to modified terms, and liens retained until satisfaction. ADVERSARY ACTIONS, AS APPROPRIATE, HAVE BEEN FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Motion or Adversary Action |
|---|---|---|---|---|---|
| S.P.S. | 5607 Wynnfield (1st) | $183,000.00 | 4.25% | $0.00 | H.A.M.P. |
| Wells Fargo-3 | 5601 Woodcrest (2nd) | $0.00 | 0.00% | $0.00 | Adversary |
| Ocwen | 5607 Wynnfield (2nd) | $84,588.93 | 0.00% | $0.00 | Adversary |

    C. <u>Arrears</u>

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| Wells Fargo-1 | 5601 Woodcrest | $648.73 | 0.0% | $648.73 |
| Wells Fargo-2 | 6340 Sherwood | $834.55 | 0.0% | $834.55 |

    D. <u>Other Secured Claims</u>.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in Plan |
|---|---|---|---|---|
| Philadelphia | 5601 Woodcrest | $8,055.65 | 9.0% | $10,033.32 |
| Philadelphia | 5601 Woodcrest | $2,500.00 | 6.0% | $2,899.92 |

| Philadelphia | 5601 Woodcrest | $678.00 | 6.0% | $786.46 |

3. PRIORITY CLAIMS
    A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| PA Rev. | $2,113.58 |

    B. Administrative Claims:
        (1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
        (2) Attorney Fees. In addition to the retainer of $690.00 already paid by Debtor, the amount of $2,510.00 in the Plan.

4. UNSECURED CLAIMS
    A. <u>Claims of General Unsecured Creditors</u>. Debtor shall make 100% payments to her timely filed and allowed claims under 11 U.S.C. § 502, general unsecured creditors. The Objection to the claim of Signal Financial Federal Credit Union has been sustained.
    B. Funding (check one) [ ] Pro rata    [x] 100%

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the Plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| Tenants | leases | $ | % | $ | $ | Assume |

6. OTHER PLAN PROVISIONS:
Debtor will continue direct post petition payments to some of her mortgage companies [Wells Fargo Bank, N.A. ("Wells Fargo-1") for Woodcrest (1st) and Wells Fargo Bank, N.A. ("Wells Fargo-2") for Sherwood], which includes homeowners' insurance and real estate taxes. Debtor will modify her mortgage payments with [Select Portfolio Servicing, Inc., a/k/a, U.S. Bank, N.A., a/k/a, HSBC Bank USA, N.A. ("S.P.S.") and with her second mortgage, Wells Fargo Bank, N.A. ("Wells Fargo-3") for Woodcrest and Ocwen Loan Servicing, LLC ("Ocwen") for Wynnfield], which includes homeowners' insurance and real estate taxes, cures pre-petition arrears, and abates post-petition arrears. Debtor shall file the appropriate motion for loss mitigation options completed with S.P.S. for reinstatement under this modified payment schedule. Alternatively and if unsuccessful, Debtor will amend her Plan to pay pre-petition arrears for S.P.S. The second mortgage, Wells Fargo-3 and the basis of Adversary Complaint (Adv. Proc. No. 14 - 00604 MDC), has been satisfied. Debtor has settled her Adversary Complaint, Adv. Proc. No. 14 - 00605

MDC, to cram down the value of Ocwen. Debtor will satisfy the claims of the Pennsylvania Department of Revenue ("PA Rev.") and of the City of Philadelphia ("Philadelphia") during the life of this Plan. Debtor will make direct payments to Philadelphia Gas Works ("PGW") for its untimely filed claim. No Plan payments shall go to S.P.S., to Wells Fargo-3, to PGW, or to Ocwen.

7. ORDER OF DISTRIBUTION:
Payments from the Plan will be made by the trustee in the following order:
Level 1: Adequate protection payments; Level 2: Debtor's attorney's fees;
Level 3: Domestic Support Obligations; Level 4: Priority claims, pro rata;
Level 5: Secured claims, pro rata; Level 6: Specially classified unsecured claims;
Level 7: General unsecured claims; and Level 8: Untimely filed unsecured
claims to which Debtor has not objected.

8  REVESTING OF PROPERTY (Check One)
[x] Property of the estate will vest in Debtor upon confirmation.
[ ] Property of the estate will vest in Debtor upon closing of the case.

GENERAL PRINCIPLES APPLICABLE TO ALL PLANS
1. All pre-petition arrears and cramdowns shall be paid to Trustee and disbursed to creditors through the Plan.
2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, Trustee will treat the claim as allowed, subject to objection by Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. Debtor is responsible for reviewing claims and filing objections, if appropriate.
3. In the event that any creditor in any class refuses any disbursement from the Standing Trustee, the Standing Trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the Plan.
4. If Debtor is successful in obtaining a recovery in any personal injury or other litigation in which Debtor is the plaintiff during the term of this Plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special Plan payment, in addition to Debtor's regular Plan payments, for the benefit of the unsecured creditors.

Respectfully submitted,

/s/ Ronald G. McNeil
Ronald G. McNeil, Esquire
Attorney for Debtor
DATE: November 7, 2015
1333 Race Street
Philadelphia, PA  19107-1585
(215) 564 - 3999 (t)
(215) 564 - 3537 (fx)
r.mcneil1@verizon.net