POWERS, KIRN & ASSOCIATES, LLC
By: Jill Manuel-Coughlin, Esquire

8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Sausan E. Kassar<br>                    Debtor | Chapter 13 Proceeding<br><br>14-17628 MDC |
| WELLS FARGO BANK, N.A.<br>                    Movant<br>        v.<br><br>Sausan E. Kassar<br>    and<br>William C. Miller, Esquire<br>                    Respondents | |

## STIPULATION TO ALLOW TIME
## TO SELL THE MORTGAGED PREMISES

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Jill Manuel-Coughlin, Esquire on behalf of secured creditor, WELLS FARGO BANK, N.A. ("Movant").

1. Movant is a mortgagee and holder of a perfected, secured claim against the Debtor pursuant to a Note and Mortgage on Debtor's real estate known as at 6340 Sherwood Rd. Philadelphia, PA 19151.

2. Upon approval by the United States Bankruptcy Court of the within Stipulation, the Debtor and Movant, agree to the following:

    (a) Commencing with the 6/5/2017 payment the Debtor shall resume and shall continue to make all regular **Bi-Weekly** post-petition payments when they are due in accordance with the terms of the Note & Mortgage.

    (b) Parties acknowledge that the current regular **Bi-Weekly** post-petition payment is **$968.53**.

    (c) Parties acknowledge that the following amounts are currently due post-petition:

    | | |
    |---|---|
    | Bi-Weekly Payments: 11/7/2016 – 3/27/2017 @ $985.84<br>4/10/2017 – 5/22/2017 @ $968.53 | $14,718.36 |
    | Less Debtor Suspense: | ($84.38) |
    | **Total Post-Petition Arrearage:** | **$14,633.98** |

    (d) Based on the value of the property, the Debtor intends to sell the property. It is anticipated by the Debtor that the sale of the property shall be completed by August 31, 2017.

(e) It is agreed by the Debtor that the property shall be sold on or before August 31, 2017, that settlement on the sale of the property shall be completed on or before that date and that Movant's mortgage lien will be paid in full from the sale proceeds.

(f) Should the sale of the property not be completed by August 31, 2017, debtor shall be provided a fifteen day cure period to bring the post-petition payments current via a Notice of Default detailing the amount needed to cure the post-petition default at that time.

(g) If any of the provisions above are not completed by the dates set forth therein the parties agree that Movant may certify the default to this Court and an Order shall be entered granting Movant and/or its successors and assigns relief from the automatic stay without further notice and hearing.

(h) Should Movant and/or its successors and assigns be granted relief from the stay after filing a Certification of Default in accordance with paragraph 2(d) above, the parties agree that the said relief order shall include the following language: "bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed with foreclosure and all other relief available under the Non Bankruptcy law."

(i) The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

_____   Date: June 13, 2017
Ronald G. McNeil, Esquire
Attorney for Debtor

/s/ Jill Manuel-Coughlin, Esquire    Date: 6/14/2017
Jill Manuel-Coughlin, Esquire
Attorney for Movant

_____   Date: 6/15/17
William C. Miller, Esquire           *without prejudice to any
Trustee                              trustee rights or remedies

On this 20th day of June, 2017, approved by the Court.

_____
United States Bankruptcy Judge
Magdeline D. Coleman